**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Muhammed ABDUL, also known as Andre Reaves, Defendant– Appellant.**

No. 94–1520.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 1995.

Decided Feb. 5, 1996.

Rehearing Denied Feb. 26, 1996.

Bradley W. Murphy (argued), Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Marianne C. Holzhall (argued), Keck, Mahin & Cate, Chicago, IL, for Defendant–Appellant.

Before LAY,* CUMMINGS, and DIANE P. WOOD, Circuit Judges.

LAY, Circuit Judge.

Muhammed Abdul was indicted for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(A), possession of a firearm by a felon in violation of 18 U.S.C. § 922(g), and armed drug trafficking in violation of 18 U.S.C. § 924(c)(1). He entered guilty pleas to the cocaine and armed drug trafficking charge pursuant to a written plea agreement. As part of that agreement, the possession of a firearm charge was dismissed. Prior to sentencing, Abdul filed a motion to withdraw his guilty pleas, which the district court denied after a hearing. The court sentenced him to 210 months imprisonment on the cocaine charge, and also imposed a mandatory consecutive 60 month sentence on the armed drug trafficking charge. Abdul appeals the district court's denial of his motion to withdraw his guilty pleas to the cocaine and armed drug trafficking charge. We affirm in part, vacate in part, and remand for sentencing.

*The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The plea agreement, in pertinent part, originally stated:

On March 2, 1993 officers from the Peoria, Illinois Police Department executed a state search warrant at the residence of Muhammed Abdul, 4819 N. Knoxville, Apartment 2C, Peoria, Illinois. Abdul was present at the time of

*Facts*

In March, 1993, a confidential informant advised a Peoria, Illinois police officer he had been in an apartment leased to Abdul on several occasions, and on at least three occasions had observed crack cocaine. Based on this information, officers secured and executed a search warrant for the premises. That search yielded 161.4 grams of cocaine base, 12.4 grams of heroin, and 2.8 grams of cannabis. A subsequent search of two vehicles registered to Abdul yielded 376.8 grams of cocaine base, for a total of 538.2 grams of cocaine base.

When Abdul entered his guilty pleas, he acknowledged and confirmed he had received a copy of the indictment, and discussed the charges with his attorney. The district judge read the charges to Abdul, who stated, under oath, that he understood them, and admitted them. Abdul also acknowledged he had read and signed the agreement, discussed it with his attorney, and accepted and agreed to it without reservation. Abdul further corrected certain inaccurate facts about the location of the drugs and firearm in the plea agreement.[1] The plea agreement stated that an element of the cocaine charge was that "the defendant knowingly possessed cocaine base" and an element of the firearm charge was that "the defendant knowingly used a firearm." The district judge stated the "knowingly" requirement was an element to be proven with each of the charges, and defined the word "knowingly," which Abdul stated he understood. After a colloquy between the district judge and Abdul, during which Abdul again personally corrected certain facts about the location of the drugs and the firearm he knew to be inaccurate, the government provided an independent basis in fact for the plea. Abdul confirmed that the prosecutor's statement was accurate. The

the search. Located during the search was approximately 161.4 grams of cocaine base, 11.4 grams of heroin and a stolen Colt pistol along with miscellaneous drug weighing and packaging materials. *The firearm was located along with the drugs in a bedroom safe.*

(Abdul Plea Agreement at 2–3) (emphasis added). Abdul changed the last sentence to read "[t]he firearm was located in a bedroom along with the drugs in a safe." *Id.* at 3.

court then received Abdul's plea of guilty to both charges, found that a factual basis supported each plea, but deferred its decision to accept or reject the plea agreement until the court had reviewed the presentence report.

Prior to sentencing, Abdul discharged his trial attorney, and hired another attorney, who filed a motion to withdraw the guilty plea. At that hearing, Abdul contended he was ignorant of the presence of the drugs and asserted an ineffective assistance of counsel claim. He argued the court had not received any factual basis to show his knowing state of mind. The district court, however, denied Abdul's assertion, and stated that Abdul "knew what knowingly means and that he had to know about the cocaine in order for there to be a conviction." The court noted it was satisfied that Abdul did enter a knowing and voluntary plea, and that Abdul had failed to establish that his trial attorney's performance was constitutionally deficient.[2] Abdul timely appeals.

*Motion to Withdraw*

■■■ Abdul first claims the district court erred in denying his motion to withdraw his guilty pleas prior to sentencing. While Fed.R. of Crim.P. 32(d) permits withdrawal of a plea upon a showing by the defendant of any fair and just reason, a defendant has no absolute right to withdraw a guilty plea. *United States v. McFarland,* 839 F.2d 1239, 1241 (7th Cir.), *cert. denied,* 486 U.S. 1014, 108 S.Ct. 1750, 100 L.Ed.2d 212 (1988). The decision to permit a plea withdrawal rests well within the sound discretion of the district court, and we will reverse that decision only upon a showing of an abuse of that discretion. *United States v. Knorr,* 942 F.2d 1217, 1219 (7th Cir.1991). The district court's findings of whether the defendant has "fair and just" reasons for withdrawal will be

upheld unless they are clearly erroneous. *United States v. Messino,* 55 F.3d 1241, 1247 (7th Cir.1995).

■■■ Abdul urges he presented a fair and just reason to vacate his plea, since there is no factual basis to support a guilty plea. Specifically, he claims there is no evidence upon which the court could find that his possession of the cocaine and the weapon was knowing. Abdul faces a heavy burden. As this Court noted in *Messino:*

> When a defendant wishes to withdraw his plea after he states at a Rule 11 hearing that it was freely and knowingly given, he faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is fair and just. The presumption of verity is overcome only if the defendant satisfies a heavy burden of persuasion. The district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to his admissions at the Rule 11 hearing.

55 F.3d at 1248 (citations, quotations, and alterations omitted). Upon review of the sentencing proceedings, briefs and record we find the district court did not abuse its discretion in denying Abdul leave to withdraw his plea of guilty in violating § 841(b)(1)(A).[3]

*The 18 U.S.C. § 924(c)(1) conviction*

■■■ Abdul pleaded guilty to 18 U.S.C. § 924(c)(1), which, in relevant part, imposes a prison term upon a person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm." The day before oral argument in this case, the Supreme Court decided *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey,* the Court held that to sustain a conviction under the

**2.** Abdul raises an ineffective assistance of counsel claim on appeal, however, this claim arises out of his second counsel's representation at his motion to withdraw hearing, not out of representation at trial. The government is correct in acknowledging that this claim was not raised in the district court. However, the government asserts that the record is sufficient to pass upon the claim as now raised. We agree.

**3.** Abdul urges on appeal that his second counsel was ineffective in his failure to successfully liti-

gate the motion to withdraw his guilty plea. He claims, inter alia, (1) his attorney pled the motions to withdraw at the last moment, and (2) he made insufficient allegations in his motion to withdraw. Abdul can show no prejudice by counsel's alleged deficiencies. As we have held, the district court did not abuse its discretion in denying Abdul's motion for leave to withdraw. The record clearly shows that Abdul's guilty plea was based on a factual record and that Abdul knowingly, intelligently, and voluntarily entered his plea.

"use" prong of 18 U.S.C. § 924(c)(1), the Government must show the defendant actively employed the firearm during and in relation to the predicate crime. Under the Supreme Court's reading, "use" includes the acts of brandishing, displaying, bartering, striking with, and firing or attempting to fire, a firearm, as well as the making of a reference to a firearm in a defendant's possession. It does not include mere placement of a firearm for protection at or near the site of a drug crime or its proceeds or paraphernalia, or the nearby concealment of a gun to be at the ready for an imminent confrontation.

In this case, the loaded pistol in Abdul's apartment was found under his bed. There is no evidence in the record that Abdul actively employed or "used" the firearm, thus the firearm was not an operative factor in relation to the possession with intent to distribute offense. The fact the gun was in the same room as the drugs is not alone sufficient to support a conviction for "use" under the statute. Thus, we find no factual basis to support Abdul's conviction under the "use" prong of 18 U.S.C. § 924(c)(1). We remand with direction to the district court to vacate the defendant's conviction and sentence under § 924(c)(1).

The judgment of the district court is affirmed in part, vacated in part, and remanded for sentencing in conformity with this opinion.