Percy LEE, Petitioner–Appellee,

v.

UNITED STATES of America, Respondent–Appellant.

No. 96–3323.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 28, 1997.

Decided April 30, 1997.

Catherine M. Canright (argued), Milwaukee, WI, for Petitioner–Appellee.

Mel S. Johnson (argued), Office of the United States Attorney, Milwaukee, WI, for Respondent–Appellant.

Before CUDAHY, DIANE P. WOOD, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

This is yet another case raising issues in the wake of *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472, decided by the Supreme Court on December 6, 1995. We consider today an appeal by the government.

On October 1, 1992, Percy Lee and 14 coconspirators were indicted in a 23–count indictment. Lee was charged in two of the counts: count 1, being a member of a cocaine distribution conspiracy in violation of 21 U.S.C. § 846; and count 23, using and carrying firearms during and in relation to the count 1 conspiracy, in violation of 18 U.S.C. § 924(c).

Lee pled guilty to both charges on December 22, 1992. In his written plea agreement Lee acknowledged that he was charged with "possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)" and that he understood that to sustain the claim in count 23 at trial the United States would have to prove that he "knowingly used *or* carried a firearm" (emphasis added) and that the use or carrying was during and in relation to a drug crime. Lee admitted he was guilty of the charge.

At the plea hearing District Judge Thomas Curran asked Lee about the plea agreement:

Q: Now, the plea agreement that you have presented to this court, or that has been presented to this court, indicates that you have been charged in the indictment in count one with distribution of cocaine and in count 23 with possession of a firearm. You're aware of that, are you?

A: Yes, I am.

Later in the hearing the following colloquy took place:

Q: What do you understand to be the nature of the charges against you? What is your understanding of it? [Lee answered re: count 1] ... And with respect to the possession of a firearm during a drug trafficking crime, what do you understand that to be?

A: That it was in possession while drugs was being sold, like trafficking or while something illegal was going on.

Q: That you had the possession of a firearm. Is that right?

A: Right, around.

Q: All right. Yes, you understand that possession doesn't mean necessarily that you had it in your hand or—

A: Correct.

Q: —belt or pocket or something like that. You understand that?

A: Yes, I do.

Judge Curran accepted Lee's guilty pleas and sentenced him on March 26, 1993, to 30 months on count 1 and a consecutive 60 months on count 23. This sort of drug-gun sentence is accurately viewed as a single term of 90 months.

After *Bailey* was decided, Lee filed a motion under 28 U.S.C. § 2255 seeking to withdraw his guilty plea and vacate his conviction on count 23. (Lee does not challenge his conviction on count 1). The parties briefed the motion and Judge Curran entertained oral arguments on May 22, 1996.

On July 17, 1996, Judge Curran entered an order granting the motion. Lee was allowed to withdraw his plea to count 23 and his conviction on that count was vacated. The order denied the government's request to

recalculate Lee's sentence on count 1 to add a 2–level increase in offense level (for his possession of a firearm) which would have been requested if Lee hadn't been convicted of the § 924(c) charge. The judge indicated his belief that because the original sentence on count 1 had been served, increasing the sentence would violate the prohibition against double jeopardy.[1]

Judge Curran also ordered the government to inform him within 14 days whether it intended to proceed to trial on count 23. The government responded that it intended

> to appeal that order by the Court to the Seventh Circuit Court of Appeals. As a result, the United States does not intend to proceed to trial on Count 23 at this time. The United States may seek to try that count later, if the intended appeal results in an affirmance of the Court's order.

On August 14 Judge Curran ordered count 23 of the indictment dismissed "because the government has elected not to proceed to trial." The government's motion for a stay pending appeal was denied and Lee was released from custody a couple days later. He is now on supervised release.

The government appeals the withdrawal of the guilty plea, the vacation of the conviction, the dismissal of the count, and the refusal to resentence Lee on count 1. Judge Curran granted the government's request for a certificate of appealability with regard to the four issues in this appeal.

The government contends that by pleading guilty to the two charges, Lee waived any challenge he might have had based on a claim that the facts of his case could not support his conviction. According to the government, a guilty plea is an admission of all the elements of the crime to which the defendant pleads. Therefore, because Lee has admitted that all elements of the crime have been met, he cannot now challenge that admission. Moreover, says the government, this case is "directly analogous" to *United States v. Willis*, 992 F.2d 489 (4th Cir.1993), which also involved a challenge to a guilty

plea on a § 924(c) charge. In *Willis*, the defendant appealed his conviction, arguing that a gun was not a firearm as defined in the statute because it was inoperable. The Fourth Circuit indicated that a "knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction," foreclosing any challenge to the conviction.

We think the government misses the point on this issue: yes, Lee admitted certain facts, and those facts *at that time* were thought to constitute a crime under § 924(c). But the Supreme Court has since said that simple possession of a gun does not a § 924(c) crime make. By his plea, Lee waived a challenge to the facts themselves, *see United States v. Walton*, 36 F.3d 32, 34 (7th Cir.1994) (guilty plea precludes defendant from raising any question regarding facts he admitted), and those facts have not changed. But how can Lee be held to have waived his right to challenge whether those facts constituted a crime when at the time they did, and after *Bailey* they may not? He could not possibly be viewed as having voluntarily waived what turns out to be a *Bailey* challenge when *Bailey* did not exist at the time he pled guilty.

The government says that this case is different from cases where *Bailey* applies because Bailey involved convictions following trial, rather than guilty pleas. We fail to see why this makes any difference. *Bailey* altered what facts are sufficient to prove "use" under § 924(c). Whether the underlying facts are found by a jury or admitted by a defendant should have no bearing on whether those facts add up to what is now required to show "use" of a firearm.

In *United States v. Abdul*, 75 F.3d 327 (7th Cir.1996), we reversed a § 924(c) conviction obtained after a guilty plea, on *Bailey* grounds, without noting a waiver issue even though the conviction followed a plea rather than trial. The government says that *Abdul* should be disregarded because it was orally

---

1. Judge Curran made his decision on this point 6 months before we decided *United States v. Smith*, 103 F.3d 531 (7th Cir.1996), which holds that double jeopardy is not a bar to resentencing in

this sort of situation. *Also see United States v. Binford*, 108 F.3d 723 (7th Cir. 1997), and *Woodhouse v. United States*, 109 F.3d 347 (7th Cir. 1997).

argued the day after *Bailey* was announced, so the waiver issue probably wasn't raised. But we think *Abdul* was correctly decided. The fact that a § 924(c) conviction arose from a plea rather than a trial makes no difference. Other cases have not treated convictions following guilty pleas any differently than those following trials for purposes of analysis under *Bailey.* For instance, in *United States v. Robinson,* 96 F.3d 246, 254 (7th Cir.1996), defendant Scott pled guilty to a § 924(c) charge and an underlying drug count. In regard to the filing of an *Anders* brief by Scott's attorney, we said:

> On the other hand, we are not convinced of counsel's submission that Scott's guilty plea as to his 924(c) conviction was unquestionably taken in compliance with Rule 11. The government's proffer of proof on this count consisted only of the fact that "in connection with the conspiracy alleged in the indictment" Scott "possessed numerous firearms." In light of the holding in *Bailey,* this may well be an insufficient factual basis and additionally not an accurate statement of what the government must prove in order to obtain a 924(c) conviction.

*See also United States v. Damico,* 99 F.3d 1431 (7th Cir.1996) (court analyzed underlying facts to which defendant pled guilty to see if there was a sufficient basis for a § 924(c) conviction after *Bailey* ).

■ Lee contends that the decision whether to allow a defendant to withdraw a guilty plea is committed to the sound discretion of the trial court, so Judge Curran's decision should not be reversed without a showing of abuse of discretion. This is generally the rule. *See Abdul,* 75 F.3d at 329. The government, however, citing *Ornelas v. United States,* —— U.S. ——, 116 S.Ct. 1657, 134 L.Ed.2d 911, argues that our review of Judge Curran's grant of the § 2255 petition in this case should be *de novo* because it involved a mixed question of law and fact. We think the government might be on to something here because, even though withdrawal of a guilty plea is involved, the essential question is the interpretation of *Bailey* and its application to these facts. But here the standard of review makes no difference because even under a deferential review, a misinterpreta-

tion of the law would be an abuse of discretion. With that said, we move on to the issue at hand.

As we have noted many times, the Supreme Court in *Bailey* indicated that "use" in § 924(c) requires "active employment" of the firearm, making it an operative factor in the underlying drug offense. Examples the court gave of active employment were brandishing a gun, displaying a gun, bartering drugs for a gun, using the gun by firing it or striking someone with it, or referring to it during a drug transaction. Mere possession was *not* enough to establish "use" under § 924(c).

The plea agreement here does not meet the requirements of § 924(c) following *Bailey.* The plea agreement discusses only "possession" and indicates the government's and Lee's understanding that the indicted charge required merely "use *or* carry" (even though the indictment itself stated "use *and* carry"). Pursuant to the plea agreement, then, the basis of the conviction could easily be an incorrect interpretation of "use" as meaning possession, and the conviction would have to be vacated under *Bailey.* The same is true of the colloquy between Judge Curran and Lee. Only possession was discussed, and that isn't enough anymore.

But the facts that emerge at a plea hearing also factor in. As we just noted, a guilty plea precludes a defendant from raising questions regarding the facts he admitted. *Walton,* 36 F.3d at 34. So if the facts to which he pled guilty, as recited in the government's proffer at the plea hearing, constitute "use" or "carry" evidence after *Bailey,* then Lee should still have to stick with his plea. *See Robinson; United States v. Fountain,* 777 F.2d 351, 355 (7th Cir.1985) (court may determine factual basis for Rule 11(f) from anything on the record, including questioning of defendant and prosecutor or prosecutor's presentation of facts). Also, because the underlying count was a conspiracy count, in looking for "use" or "carry" conduct, we look not only at Lee's own conduct but also at that of his coconspirators as well, if their conduct was in furtherance of the conspiracy and reasonably foreseeable to Lee. *See Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed.

1489 (1946) (defendant is criminally liable for the acts of coconspirators when in furtherance of a conspiracy and reasonably foreseeable to him); *United States v. Henderson,* 58 F.3d 1145 (7th Cir.1995) (*Pinkerton* liability applied in § 924(c) conviction).

As we review the record, we note first that nowhere in the plea hearing transcript or in the plea agreement itself does Lee or the government clearly indicate whether the conduct relied upon to support the § 924(c) conviction was Lee's own conduct or that of a coconspirator. But Judge Curran's questioning of Lee focused only on Lee's conduct, and Lee actually agreed to the facts only as they pertained to his own conduct.

■ We have now examined the record, and although it's a close call, we agree with Judge Curran that the facts which emerged at the plea hearing do not prove that § 924(c), after *Bailey,* was violated. We think the conduct attributed to Lee does not rise to "active use" or "carry" as required for a § 924(c) conviction, and we also think Lee did not clearly admit to either in relation to the drug conspiracy charged in this case. A fair reading of the record clearly shows that Lee believed he was guilty of the § 924(c) count due solely to his *possession* of a firearm. For these reasons, Judge Curran correctly allowed Lee to walk away from his guilty plea on the firearm count.

■ Although Lee wins the big battle, the government wins everything else. The government argues that Judge Curran dismissed count 23 without a request by either party and with no legal basis. It contends that if the factual basis for the plea is lacking after *Bailey* (and Lee is found not to have waived that issue), the remedy is withdrawal of the plea and vacation of the conviction—leaving the count in the indictment still alive and triable—not dismissal of the count. The government argues that its statement to Judge Curran indicating its election to appeal the ruling was not an abandonment of the prosecution.

Lee retorts that Judge Curran had the authority to dismiss count 1 under § 2255 because he had the power to "vacate and set the judgment aside and *[to] discharge the*

*prisoner* or resentence him *or grant a new trial* or correct the sentence *as may appear appropriate"* (emphasis added). This argument doesn't fly, because if a conviction is vacated, the judgment set aside, and a plea of guilty withdrawn, the indictment comes back to life, and the *appropriate* thing to do is go to trial unless the government dismisses the count or, at its option, asks that Lee be resentenced as permitted by *Smith.*

For these reasons, that part of the judgment which allowed Lee to withdraw his guilty plea is AFFIRMED. The rest of the judgment is REVERSED and the case REMANDED for further proceedings consistent with this opinion.