124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jose MEDINA, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 96-2136.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 C 38; George W. Lindberg, Judge.
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 As part of a Drug Enforcement Agency (DEA) undercover operation, two DEA officers approached Jesus Padilla in an effort to purchase drugs. After an initial meeting at a bar with Padilla and a co-defendant, the two officers drove with several individuals, including Jose Medina, to Medina's apartment to complete the drug transaction. Two co-defendants were already at the apartment when Medina and the officers arrived. After confirming the quality and quantity of the cocaine, one of the officers alerted surveillance DEA officers to arrest all five men who had been involved in the sale. A search conducted during the arrest revealed that one of the defendants had a fully-loaded semi-automatic .45 caliber pistol in his waistband. Medina and the four other individuals were charged with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). A superseding indictment also charged Medina, and two co-conspirators, Gutierrez and Soto, with using and carrying a firearm during or in relation to a drug offense in violation of 18 U.S.C. § 924(c). Medina pleaded guilty to Counts One and Two and was found guilty of Count Three after a bench trial. This court affirmed Medina's conviction in United States v. Gutierrez, 978 F.2d 1463, 1467-68 (7th Cir.1992). Medina now seeks to have his sentence vacated under 28 U.S.C. § 2255 contending that the evidence did not support a finding that he used or carried a gun as required under § 924(c) after the decision in Bailey v. United States, 116 S.Ct. 501 (1995), and that the district erred when it denied his request for transcripts to use in the preparation of his reply in support of his § 2255 motion.
 
 
 2
 In determining whether a defendant has used or carried a gun during the commission of a drug offense, this court looks not only to the conduct of the defendant but also to the conduct of any co-conspirators to determine "if their conduct was in furtherance of the conspiracy and reasonably foreseeable to [the defendant]." Lee v. United States, No. 96-3323, 1997 WL 213972, at * 34 (7th Cir. April 30, 1997) (citation omitted). Medina argues that the evidence does not support a finding that Medina's co-conspirator, Gutierrez, used or carried a gun during the sale of drugs to the undercover agents. "Where 'mere statutory violations are at issue,' as here, the Supreme Court has recently held that § 2255 can only avail a petitioner if the alleged error spawned a fundamental defect which inherently results in a complete miscarriage of justice." Broadway v. United States, 104 F.3d 901, 903 (7th Cir.1997) (internal quotations and citations omitted). Medina argues that he could not have been convicted under § 924(c) because he did not carry or use the gun and was not aware that Gutierrez was in possession of a gun. This court already has affirmed the district court's finding that Medina was liable for Gutierrez's possession of a firearm during the drug transaction under the doctrine established in Pinkerton v. United States, 328 U.S. 640 (1946) (all overt acts of one conspirator are attributable to all coconspirators). Gutierrez, 978 F.2d at 1467-68.
 
 
 3
 Although the district court did not state on which prong (i.e., "use or carry") its decision was based, the evidence presented to the district court established that Gutierrez had a loaded gun in his waistband during the sale of cocaine to the undercover officers. When "it is clear from the record that the actions of the defendant upon which the now-infirm 'use' charge is predicated necessarily constitute a 'carrying' of the firearm as that term is used in the statute ..., we have affirmed the section 924(c) convictions." United States v. Gonzalez, 93 F.3d 311, 321 (7th Cir.1996). The uncontroverted evidence supports a finding that Gutierrez was carrying the gun during the transaction. Bailey, 116 S.Ct. at 507 ("[A] firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction."); see also United States v. Baker, 78 F.3d 1241, 1247 (7th Cir.1996) ("it is the possession of the firearm coupled with the affirmative act of transporting it during and in relation to a drug trafficking crime that precipitates liability under § 924(c)(1)"). Although Medina argues that the evidence does not support a finding that Gutierrez "used" the firearm as defined by the Supreme Court after Bailey, he ignores that Bailey, did not change the definition of "carry" as it is used in the statute. United States v. Booker, 73 F.3d 706, 709 (7th Cir.1996). Accordingly, because Medina has failed to demonstrate a complete miscarriage of justice, his motion appropriately was denied with respect to this claim.
 
 
 4
 Medina also claims that deficient jury instructions given in his co-defendants' jury trial was indicative of the thought process used by the trial judge in concluding that Medina was guilty of the § 924(c) charge. However, given our conclusion that sufficient evidence existed to conclude that Medina was guilty of carrying a firearm during or in relation to a drug offense, this argument lacks merit. Lee 1997 WL 213972 at * 3-4; Baker, 78 F.3d at 1247.
 
 
 5
 Finally, Medina asserts that the district court erred in denying his request for transcripts under 28 U.S.C. § 753(f) to aid in his preparation of the reply in support of his § 2255 motion. Rush v. United States, 559 F.2d 455 (7th Cir.1977). But see Sistrunk v. United States, 992 F.2d 258 (10th Cir.1993); United States v. Losing, 601 F.2d 351 (8th Cir.1979). However, Medina did not make the request until after his initial petition and the response were filed. Nor did he state that he had attempted to obtain the transcripts from his appellate counsel or any other available source before making the request of the district court. Rush, 559 F.2d at 458. Consequently, we conclude that the district court did not err in denying the request.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the appellant's brief and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)