124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin L. MONROE, Defendant-Appellant.
 No. 97-1299.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1997.*
Decided July 1, 1997.
 
 Before CUMMINGS, RIPPLE, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In July 1994, after a jury trial, defendant Marvin Monroe was convicted under Count I of the indictment of conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Under Count II he was convicted of knowingly using or carrying a firearm during and in relation to the drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and (2). He was subsequently sentenced to consecutive terms of imprisonment of 240 months on Count I and 60 months on Count II.
 
 
 2
 In December 1995 we affirmed defendant's conviction on Count I, reversed his conviction on Count II pursuant to Bailey v. United States, 116 S.Ct. 501, and remanded the case to the district court for resentencing. 73 F.3d 129. Thereafter the United States filed a motion to increase the defendant's base offense level pursuant to United States Sentencing Guidelines §§ 2D1.1(b)(1) and 1B1.3(a)(1)(B). In January 1997 the district court resentenced the defendant on Count I to a term of 300 months, $1,000 fine, $50 special assessment and a supervised release term of five years. In doing so the court enhanced the defendant's base offense level for possession of a firearm by two levels pursuant to U.S.S.G. § 2D1.1(b)(1). The defendant challenges the district court's two-level enhancement.
 
 
 3
 In resentencing defendant on Count I, the district court found that the trial testimony showed beyond a preponderance of the evidence that the defendant or a co-conspirator possessed weapons during the pertinent time. Consequently, defendant was subject to an offense level of 38, criminal history category II, sentencing range of 262-327 months, a period of five years supervised release, and a fine range of $25,000 to $4,000,000. Thereafter the court imposed a sentence of 300 months' imprisonment, $1,000 fine, five years supervised release and special assessment of $50.
 
 
 4
 At defendant's 1994 trial, after a narcotics investigation by the Police Department of Sparta, Illinois, co-conspirators Joseph Quihuis and Paul Kicker testified about drug dealings with the defendant. Kicker testified that he saw three weapons in Quihuis' house. Defendant argues that the government did not establish that co-conspirator Quihuis' possession of guns was reasonably foreseeable to the defendant. However, the testimony showed that Quihuis told the defendant about keeping weapons to protect his drugs and drug proceeds and that he thought he showed the defendant one of his guns in his house. More importantly, Quihuis testified that defendant told him he had two .9 millimeter weapons in his bedroom closet. Simple possession is sufficient for enhancement under this guideline. United States v. Booker, 1997 WL 273563 at 1 (7th Cir.1997). Finally, this guideline does not require that defendant use or intend to use the weapon. United States v. Wetwattana, 94 F.3d 280, 285 (7th Cir.1996).
 
 
 5
 Enhancement for weapons possession applies where a defendant is accountable for the possession of a weapon by a co-conspirator during relevant drug trafficking conduct even where the weapon is not present during the offense. United States v. Mumford, 25 F.3d 461, 468 (7th Cir.1994). The government must only prove that the weapon was possessed during the offense of conviction or during "relevant conduct" within U.S.S.G. § 1B1.3. Quihuis' possession of weapons during the conspiracy was reasonably foreseeable to defendant. Pinkerton v. United States, 328 U.S. 640; United States v. Ellison, 113 F.3d 73, 76-77 (7th Cir.1997); United States v. Henderson, 58 F.3d 1145, 1150 (7th Cir.1995). Moreover, Quihuis testified that he kept weapons to protect his drugs and drug proceeds and that the defendant knew this. Consequently it was appropriate for the district court to apply sentencing guideline § 2D1.1(b)(1) to defendant's offense level.
 
 
 6
 Monroe's sentence is affirmed.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)