124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jose BARRAZA-MURILLO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-1177.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997.*
Decided July 15, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Jose Barraza-Murillo pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. In June 1992 he was sentenced to ten years in prison for the first two counts and a five-year consecutive term for the § 924(c)(1) violation. Barraza-Murillo did not appeal but in August of 1996 filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 contending that his sentence should be vacated in fight of the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995). The district court denied relief and Barraza-Murillo appeals. We affirm.
 
 
 2
 Barraza-Murillo and several co-conspirators, including Jose Jiminez-Zarate, agreed to sell six kilograms of cocaine to a confidential informant of the Drug Enforcement Agency (DEA) and an undercover DEA agent. The parties met outside Barraza-Murillo's apartment and then drove to another location to consummate the deal. After the DEA agent viewed the drugs and was assured of the quality of the cocaine by two of the dealers, other DEA agents on the scene arrested the three co-conspirators. During a search incident to the arrest, agents discovered that Jiminez-Zarate was armed with a loaded .22 caliber pistol, and a loaded .38 caliber pistol. The appellant, Barraza-Murillo, also consented to a search of his apartment during which agents found two firearms, a fully loaded .30 caliber semi-automatic carbine, and a fully loaded .44 caliber revolver. The indictment charged Barraza-Murillo with using and carrying a gun during a drug trafficking offense based on the guns found on his co-conspirator. In addition, during the change of plea hearing, the district court stated that Barraza-Murillo would be liable for the fact that a co-conspirator carried a weapon during the drug transaction because it occurred within the scope of the conspiracy, citing Pinkerton v. United States, 328 U.S. 640 (1946).
 
 
 3
 In his § 2255 motion, Barraza-Murillo argued that his sentence pursuant to § 924(c) must be vacated in light of Bailey because he did not use the firearms found in his apartment. The district court noted that Barraza-Murillo was mistaken as to the factual basis of the § 924(c)(1) charge and stated that it was based on the guns carried by his co-conspirator Jiminez-Zarate and not the guns found in Barraza-Murillo's apartment. The district court denied the motion not only based on the factual mistake but also because the motion still would fail even if it were seen as challenging the § 924(c)(1) conviction based on the use and carrying of firearms by his co-conspirator. The district court stated that under United States v. Baker, 78 F.3d 1241, 1247 (7th Cir.1996), Jiminez-Zarate clearly was "carrying" the guns which were found on his person and that this prong of the § 924(c)(1) violation as not affected by Bailey.[1] The court then concluded that it was reasonably foreseeable that guns may have been part of the cocaine transaction even if Barraza-Murillo was not aware of their presence. United States v. Diaz, 864 F.2d 544, 549 (7th Cir.1988) (when person sells kilogram of cocaine it is reasonable to foresee that firearms would be carried). Accordingly, Barraza-Murillo would be liable for the § 924(c) charge under Pinkerton, 328 U.S. at 64647.
 
 
 4
 Although Barraza-Murillo makes several arguments on appeal, they all relate to his contention that no rational trier of fact could have concluded that he could have reasonably foreseen that his co-conspirator would be carrying a gun, particularly in light of the fact that the conspiracy did not expressly include the use or carrying of weapons.[2] Our review is limited to determining whether a "fundamental defect [occurred] which inherently result[ed] in a complete miscarriage of justice." Broadway v. United States, 104 F.3d 901,903 (7th Cir.1997) (internal quotations omitted). In determining whether a defendant has used or carried a gun during the commission of a drug offense, this court looks not only to the conduct of the defendant but also to the conduct of any co-conspirators to determine "if their conduct was in furtherance of the conspiracy and reasonably foreseeable to [the defendant]." Lee v. United States, 113 F.3d 73, 76 (7th Cir.1997) (citation omitted).
 
 
 5
 Here, Barraza-Murillo does not dispute the fact that Jiminez-Zarate had two firearms in his possession at the time of the drug transaction. Further, the facts establish that Jiminez-Zarate "carried" the firearms during the transaction in violation of § 924(c)(1). Bailey, 116 S.Ct. at 507; Baker, 78 F.3d at 1247 (stating that "the possession of the firearm coupled with the affirmative act of transporting it during and in relation to a drug trafficking crime ... precipitates liability under § 924(c)(1)"). Because his co-conspirator carried two loaded guns during the cocaine transaction, Barraza is liable for the § 924(c)(1) violation under the doctrine articulated in Pinkerton v. United States, 328 U.S. 640 (1946). See also United States v. Monroe, 73 F.3d 129, 132 (7th Cir.1995); Diaz, 864 F.2d at 549. Although Barraza claims that he was unaware that Jiminez-Zarate was carrying the two loaded weapons, this court has stated that when significant amounts of drugs are being sold, the presence of weapons is reasonably foreseeable. United States v. Edwards, 36 F.3d 639, 644 (7th Cir.1994); Diaz, 864 F.2d at 549 (stating that the use of guns during a drug sale for $39,000 was foreseeable). The defendant arranged the sale of six kilograms of drugs for which the confidential informant and the DEA agent were to pay over $100,000. Barraza-Murillo also enlisted the aid of Jiminez-Zarate, who was carrying two guns during the transaction, in obtaining the cocaine. These facts support a finding that Barraza-Murillo was guilty of the § 924(c)(1) violation.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The district court also concluded that Jiminez-Zarate's guilty plea as to the § 924(c)(1) charge was factually supported, citing the Tenth Circuit's decision in United States v. Barnhardt, 93 F.3d 706, 709-710 (10th Cir.1996)
 
 
 [2]
 The government argues on appeal that because Barraza-Murillo appears to have abandoned his Bailey argument and seeks to challenge only the factual basis of his plea under Pinkerton v. United States, 328 U.S. 640 (1946), he is precluded from doing so because he has waived this argument by not raising it below. Govt.'s Br. at 12 n. 6. However, because the district court addressed the argument below, we will do so here also. The government also argues that Barraza-Murillo should not be permitted to raise his Pinkerton claim because it is no longer based on Bailey and thus, cannot be raised because he waived all challenges to the factual basis for his plea when he pleaded guilty. We do not agree with the government's characterization and believe Barraza-Murillo's Pinkerton argument to be part of his Bailey claim