124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joseph E. EVERETT, Defendant-Appellant.
 No. 96-3669.
 United States Court of Appeals, Seventh Circuit.
 Argued April 18, 1997.
Decided July 23, 1997.
 
 Appeal from the United States District Court for the Southern District of Illinois
 Before CUMMINGS, MANION, WOOD, Circuit Judges
 ORDER
 J. Phil GILBERT, Chief Judge.
 
 
 1
 Joseph Everett was a low-level street dealer in a formidable drug conspiracy. He pleaded guilty on the day he (along with others) was to be tried before a jury for conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 841, 846, for distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), and for using or carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Most of his codefendants also pleaded guilty; some testified against the conspiracy's two ringleaders, Paris Thomas and Harold Story, who were convicted by a jury of drug-related crimes, including one count each under § 924(c)(1). But Bailey v. United States, 116 S.Ct. 501 (1995), invalidated one of the jury instructions the district court used relating to that count, leaving us no choice on appeal but to reverse their firearms convictions even though we determined the evidence at trial amply demonstrated the type of "using or carrying" a firearm under § 924(c) that Bailey recognized as criminal. See United States v. Thomas, 86 F.3d 647, 651 (7th Cir.1996). The government decided not to retry Thomas and Story on the § 924(c) charge, and the grass now looks greener for Everett, who wants his conviction set aside because he never personally used or carried a firearm during the conspiracy and Thomas and Story never were convicted of doing so either. We reject his argument and affirm.
 
 I.
 
 2
 Everett appeals the district court's denial of his petition under 28 U.S.C. § 2255 to set aside his conviction for using or carrying a firearm during a drug trafficking crime. See 18 U.S.C. § 924(c)(1). His first argument is that he "neither used nor carried a firearm in violation of § 924(c)(1)." This is not a constitutional challenge; it is a statutory one. Under § 2255, "[f]ederal courts lack the power ... to rectify errors that fall short of 'vitiat[ing] the sentencing court's jurisdiction or are otherwise of constitutional magnitude.' " Broadway v. United States, 104 F.3d 901, 903 (7th Cir.1997) (quoting Guinan v. United States, 6 F.3d 468, 470 (7th Cir.1993)). Non-constitutional errors which could have been raised on appeal--but were not--are barred on collateral review regardless of cause and prejudice. Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir.1988). Everett pleaded guilty and there was no direct appeal; the claim that he did not violate the statute is barred.
 
 II.
 
 3
 Everett does raise one issue of constitutional magnitude in his petition: he claims that his due process rights were violated because he was convicted of a crime (under § 924(c)) even though he never personally used or carried a firearm during the drug conspiracy and his two principal co-conspirators, Thomas and Story, never were convicted of doing so either.
 
 
 4
 Everett's lack of personal involvement does not insulate him from conviction. Under his plea agreement, Everett's conviction was explicitly based on Pinkerton v. United States, 328 U.S. 640 (1946), in which the Supreme Court held that any member of a conspiracy is criminally liable for the acts of other members that were committed in furtherance of the conspiracy. Id. at 647 ("An overt act is an essential ingredient of the crime of conspiracy.... If that can be supplied by the act of one conspirator, we fail to see why the same or other acts in furtherance of the conspiracy are likewise not attributable to the others for the purpose of holding them responsible for the substantive offense.") (Emphasis added.) The Court noted that the result may be otherwise if the "other acts" in furtherance of the conspiracy "could not be reasonably foreseen as a necessary or natural consequence of the unlawful agreement." Id. at 648.
 
 
 5
 Thomas and Story made the same argument Everett makes. They too contended they were not guilty under § 924(c) because they never personally used or carried firearms during their conspiracy. We stated that their argument "completely ignore[d] the Pinkerton doctrine, which makes defendants liable for the actions of their coconspirators that were done in furtherance of the conspiracy." Thomas, 86 F.3d at 651 n. 6. Prior to Bailey, we consistently applied the Pinkerton doctrine to alleged § 924(c) violations. See, e.g., United States v. Pazos, 993 F.2d 136, 141 (7th Cir.1993) ("A conspirator in a drug conspiracy can be held liable for a coconspirator's § 924(c) violation because it is reasonably foreseeable that a firearm may be carried during a drug transaction."); United States v. Allen, 930 F.2d 1270, 1275 (7th Cir.1991). Post-Bailey, Pinkerton is alive and well with respect to § 924(c) charges; Everett misses this point by focusing on his own (lack of) involvement with firearms. See Lee v. United States, 113 F.3d 73, 76 (7th Cir.1997) ("we look not only at [defendant's] own conduct but also at that of his coconspirators"). Why Everett ignores Pinkerton escapes us, especially considering his plea agreement, which states without equivocation that he was pleading guilty "to count 2 of the Superseding Indictment charging under United States v. Pinkerton, that defendant is criminally liable for co-conspirators using and carrying firearms during and in relation to the drug trafficking conspiracy."
 
 
 6
 This leaves us with Everett's second argument: Thomas and Story never were convicted under § 924(c), which means that Everett's liability under Pinkerton falls apart. Not so. Whether Thomas and Story were convicted of violating § 924(c) is not at issue. It is significant only that Everett conceded the government could establish his co-conspirators' activities violated the statute. Here, Everett signed a stipulation stating the government could prove his co-conspirators used and carried firearms during their conspiracy with him. His signed plea agreement attests his co-conspirators "used and carried" firearms during the defendants' drug trafficking. At the change of plea hearing before the district court, the government specifically proffered testimony that "other members of the conspiracy ... carried firearms during and in relation to the drug trafficking."
 
 
 7
 So it is no wonder that in reversing Thomas' and Story's § 924(c) convictions on the technicality of an improper jury instruction, we noted--consistent with these stipulations and proffers--that at trial the government had introduced "significant" evidence several co-conspirators actively employed and carried firearms during their conspiracy, evidence which "was sufficient to sustain the convictions under § 924(c)(1)." Thomas, 86 F.3d at 651. That evidence included testimony that one of the conspirators carried a handgun with him to chase away competing drug dealers, and another engaged in a shootout with out-of-town crack dealers who had encroached upon Everett's co-defendants' turf. Id. The government's decision not to retry Thomas and Story for violating § 924(c) changes nothing. Everett pleaded guilty because he conceded the government could prove to a jury that this conduct violated the law whether or not the government actually did prove it. Cf United States v. Thomas, 900 F.2d 37, 40 (4th Cir.1990) (inconsistent verdicts among co-conspirators is not a basis for challenge so long as evidence was sufficient to support the guilty verdicts rendered).[1]
 
 
 8
 In short, Everett has no constitutional basis for setting aside his conviction under § 924(c). His guilt was based upon Pinkerton, which is broader than liability under Bailey because it focuses on the crimes of conspirators. Everett conceded this in his plea agreement and stipulations, concessions unaffected by our reversal in Thomas. He has not been deprived of due process, and his petition was properly denied.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 We note that Everett does not argue on appeal (nor did he argue to the district court) that the record underlying his guilty plea is insufficient to establish that his co-conspirators "used" a handgun in the sense that Bailey requires or that they handled firearms in a way that would constitute "carrying." See, e.g., Stanback v. United States, 113 F.3d 651, 658 (7th Cir.1997) (vacating conviction on ground that defendant's guilty plea under § 924(c) was not supported by record evidence and instead merely "conceded culpability in the language that the statute uses"). We therefore do not discuss the adequacy of the court's findings, an issue that likely was waived on appeal because it was not made to the district court. See United States v. Wade, 114 F.3d 103, 106 (7th Cir.1997) ("[I]t is not clear to us that counsel clearly objected to the court's lack of findings.... If no proper objection was made, [the defendant] has waived this argument on appeal."). While we do not express any opinion concerning the record evidence supporting Everett's conviction at the time he pleaded guilty, we note that he was one of several defendants pleading guilty to similar conduct, which included liability under Pinkerton for the use of firearms to defend drug "turf" from competing drug dealers