124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kiwana R. TOLBERT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-1663.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 21, 1997.*
Decided Aug. 21, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judge.
 
 ORDER
 
 1
 Kiwana R. Tolbert was arrested in November of 1993 and indicted on one count of possessing cocaine and cocaine powder with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and on one count of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C § 924(c).[1] Tolbert pleaded guilty to both counts and was sentenced to 18 months' imprisonment on the first count and to a 60-month consecutive prison term on the second count. Tolbert did not directly appeal her conviction. Instead, pursuant to 28 U.S.C. § 2255, she filed a motion to vacate or set aside count two of her sentence in light of United States v. Bailey, 1 16 S.Ct. 501 (1995). The district court denied relief and Tolbert appeals. For the reasons stated below, we affirm.
 
 
 2
 As made clear by the Supreme Court in Reed v. Farley, 512 U.S. 339 (1994), § 2255 is not a vehicle for the review of arguments that could have been made on direct appeal. Indeed. an error of law not initially raised on direct appeal may only be brought under § 2255 if the claimed error gives rise to "a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 354 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). See also Broadway v. United States, 104 F.3d at 903 (7th Cir.1997) (finding that "[f]ederal courts lack the power under § 2255 to rectify errors that fall short of '[v]itiating the sentencing court's jurisdiction or are otherwise of constitutional magnitude' ") (quoting Guinan v. United States, 6 F 3d 468, 470 (7th Cir.1993)). A corollary of this rule is that "[n]on-constitutional issues which could have been raised on appeal but were not, are barred on collateral review--regardless of cause and prejudice." Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir.1988) (citing Kaufman v. United States, 394 U.S. 217 (1969)).
 
 
 3
 Under the standard enumerated above, Tolbert can only secure review of her sentence if her claims of error rise to the level of constitutional magnitude. While the Supreme Court's ruling in Bailey has spawned suits meeting this level of error, such cases only arise when the claims of error involve, in whole or in part, the "use" prong of § 924(c)--as opposed to the "carry" prong. See, e.g., Lee v. United States, 113 F.3d 73 (7th Cir.1997); Stanback v. United States, 113 F.3d 651 (7th Cir.1997).[2] This distinction exists because Bailey only changed the law under § 924(c) with respect to the term "use," leaving untouched the interpretation of the words "carries" or "during and in relation to any ... drug trafficking offense." See Broadway, 104 F.3d at 904; United States v. Molina, 102 F.3d 928, 930 (7th Cir.1996).
 
 
 4
 Here, although Tolbert was convicted of "using or carrying" a firearm in violation of § 924(c), her appeal only calls into question whether she actually "carried" a firearm during the commission of a drug felony. As such, Bailey is inapplicable to Tolbert's appeal because its holding in no way casts doubt on whether Tolbert's actions--as admitted in her plea agreement--constituted a crime under § 924(c). See Broadway, 104 F.3d at 903 (noting that § 2255 might offer the petitioner relief only if Bailey changed the law in a way that affected whether what he did was a crime under § 924(c)). In other words, because Tolbert's arguments on appeal all concern the word "carry," her claims are at best non-constitutional errors that could have been raised on direct appeal. Her failure to do so now renders these claims barred from collateral review.
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Section 924(c) provides that "[w]hoever, during and in relation to any crime of violence or drug trafficking crime, ... uses or carries a firearm, shall, in addition to the punishment provided for such a crime of violence or drug trafficking crime, be sentenced to imprisonment of five years ... " 18 U.S.C. § 924(c)
 
 
 [2]
 In both Lee and Stanback, the defendants were permitted to collaterally attack their convictions, made under the "use" and "carry" prongs of § 924(c), nothwithstanding the fact that neither had directly appealed his sentence. These cases are distinguishable from this case, however, because both involved instances where the factual underpinnings of the plea agreements failed to support adequately the defendants' convictions under either the "use" or the "carry" prongs, Tolbert, by contrast, admits that she drove a car containing, in close proximity to one another, a gun and a drug-laden purse. These facts support Tolbert's conviction. See United States v. Molina, 102 F.3d 928 (7th Cir.1996) ( § 924(c)(1) is satisfied when a firearm and drugs are kept in the same location, such as the passenger compartment of a car, and are transported together); United States v. Baker, 78 F.3d 1241 (7th Cir.1996) (conviction under § 924(c)(1) affirmed based on evidence that defendant, who was pulled over in a routine traffic check, transported a firearm and drugs under the driver's seat of his car)