**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Samuel WARREN, Defendant–Appellant.**

**No. 02–4351.**

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 22, 2004.

Decided Jan. 22, 2004.

Thomas W. Szromba, Office of the United States Attorney, Chicago, IL, for plaintiff–appellee.

Samuel Warren, #14380–424, pro se, Federal Correctional Institution, Manchester, KY, for defendant–appellant.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

### ORDER

In September 2002 Samuel Warren pleaded guilty to unlawful possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). Prior to sentencing he moved pro se to withdraw his plea, arguing that his counsel had provided ineffective assistance. He was appointed a new attorney, who argued in support of his motion. The court denied the motion and sentenced Warren to 105 months of imprisonment and 3 years of supervised release. Warren filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to find a nonfrivolous issue for appeal. Warren responded to counsel's motion under Circuit Rule 51(b). Because counsel's *Anders* brief is facially adequate, we limit our review of the record to those potential issues identified in counsel's brief and in Warren's response. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that an appeal on the potential issues would be frivolous and therefore grant the motion to withdraw and dismiss Warren's appeal.

In August 2001 Chicago police officers saw Warren and several other men standing around a park bench in Herbert Park. As the officers approached the men, Warren touched his waistband, turned, and fled to an apartment complex. While he was running, Warren pulled a gun out of his waistband and threw it. The officers found and arrested him in the apartment complex. They later retrieved the gun.

Warren pleaded guilty without a plea agreement. At his plea hearing, he initially equivocated when the judge asked him whether the government's factual presentation was accurate. But when the court refused to accept a guilty plea without an agreement to the factual basis, Warren's attorney spoke with him privately, and Warren then admitted to the factual basis for the crime and pleaded guilty.

Before sentencing, Warren filed his pro se motion to withdraw his guilty plea. In it he argued primarily that his counsel had provided ineffective assistance by failing to gather or review materials that Warren thought would prove exculpatory and by coercing him to plead guilty. In his motion Warren also vaguely referred to, but

never identified, pretrial motions that he thought his counsel should have filed. Concerned about a conflict of interest, Warren's attorney withdrew from the case, and new counsel was appointed. The court held a hearing on the motion to withdraw. Warren's new counsel declined to press the ineffective assistance argument but instead argued that the court should allow Warren to withdraw his plea based on an inadequate factual foundation. Warren also addressed the court. He reasserted that his attorney had coerced his plea by telling him that if he refused to admit to the factual basis the court would reject his plea and force him to trial, which he would lose. The court denied Warren's motion.

■ Counsel first considers arguing that Warren's guilty plea was not knowing or voluntary. Warren also proposes this argument, contending that his plea was involuntary because he "reluctantly" pleaded guilty. Reluctance is different from involuntariness; the question on appeal would be whether Warren's guilty plea was voluntary, not whether he had reservations about his decision to admit guilt. Voluntariness of a guilty plea is ensured by a court's compliance with the requirements of Federal Rule of Criminal Procedure 11. *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir.2002). Counsel points out that in this case the court meticulously complied with Rule 11. Most relevant, the court asked Warren under oath (after explaining the ramifications of false statements) whether he understood that he had the right to plead not guilty, to which he responded "yes," and whether anyone had threatened him or forced him to plead, to which he said "no." The court also inquired about his mental state and made a factual finding that he was competent to plead. In addition, the court explained that Warren had the right to insist on a jury trial, to have assistance of counsel, to confront witnesses, and to refuse to give

incriminating testimony. The court further informed Warren of the nature of the charge, the 10–year and $250,000 maximum penalties, that he might be sentenced to a period of supervised release, and that if he violated the terms of his supervision he would be returned to prison. Finally, the court explained sentencing procedures, including the role of the probation officer, the possibility of departures from the sentencing guidelines, and the court's role as the ultimate decisionmaker. We agree with counsel that the court substantially complied with Rule 11, so an appeal challenging Warren's guilty plea as involuntary would thus be frivolous. *See, e.g., id.*

Counsel next considers arguing that the district court erred in refusing to allow Warren to withdraw his guilty plea either because Warren received ineffective assistance or because the plea was not supported by an adequate factual basis. Warren echoes this potential argument in his reply. After a court accepts a plea, the defendant may withdraw it prior to sentencing, but only if he can show a "fair and just reason." Fed.R.Crim.P. 32(d) (formerly Rule 11(e)); *United States v. Silva*, 122 F.3d 412, 415 (7th Cir.1997). We would review a district court's denial of a motion to withdraw only for an abuse of discretion. *Silva*, 122 F.3d at 414–15.

■ Ineffective assistance can render a plea involuntary and thus constitute a fair and just reason for allowing a defendant to withdraw his plea. *See Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir.2002). Warren would need to establish, however, that his counsel's performance fell below an objective standard of reasonableness and that but for counsel's performance, he would not have pleaded guilty. *United States v. Fudge*, 325 F.3d 910, 923–24 (7th Cir.2003). Warren contends that counsel was ineffec-

tive for telling him that absent a plea he would go to trial and be found guilty, for failing to obtain or review allegedly exculpatory police reports, and for failing to investigate why his alibi witness recanted. The district court concluded that the attorney's statement at the plea hearing was not deficient performance; it was a true statement because the court would not have accepted his guilty plea if Warren maintained his refusal to admit the factual basis, and his attorney's prediction about a guilty verdict was nothing more than an assessment of the government's case. Regarding Warren's arguments about the alibi witness and other allegedly exculpatory evidence, the court observed that Warren was not claiming that he was actually innocent of the charge or that he lied when he admitted his guilt at the plea hearing, so any "exculpatory" evidence that he thought his counsel should have obtained was irrelevant in light of his admission of guilt under oath. We agree with counsel that it would be frivolous to argue that the court erred in either conclusion. *See United States v. Messino,* 55 F.3d 1241, 1252–53 (7th Cir.1995) (plea not made involuntary by counsel's failure to undermine credibility of potential witness or counsel's advice to plead guilty when there was conclusive evidence of guilt); *Mustread v. Gilmore,* 966 F.2d 1148, 1152 (7th Cir.1992) (not deficient performance for attorney to recommend guilty plea when attorney and defendant were unsure whether ex-wife victim would testify to her original statement that the shooting was intentional or her later story that it was accidental); *see also United States v. Stewart,* 198 F.3d 984, 987 (7th Cir.1999) (judge may treat statements made by defendant at plea hearing as conclusive when considering motion to withdraw plea).

■ Lack of a factual basis for the plea may also supply a fair and just reason for withdrawal. *See United States v. Abdul,* 75 F.3d 327, 329 (7th Cir.1996). Warren did not raise this argument in his motion to withdraw; his counsel raised it for the first time at the hearing on the motion, so the issue might be forfeited. *See United States v. Westbrook,* 125 F.3d 996, 1005 (7th Cir.1997). It would be a frivolous argument in any case. As the district court noted, Warren's hesitation at the plea hearing concerned only ancillary details about *when* he possessed the gun and when he arrived at his friend's apartment, but he ultimately admitted to possessing the weapon. Although the ancillary details might have proven helpful to test the credibility of the arresting officers at a trial, "[a] defendant is not entitled to withdraw his plea merely because he has misapprehended the strength of the government's case or, upon reevaluation of the situation, can conceive of an arguable defense." *Silva,* 122 F.3d at 415. Because Warren admitted to possessing the gun and never retreated from that admission, any challenge to the factual basis of his plea would be frivolous.

■ Counsel also considers challenging the court's refusal to grant Warren an adjustment for acceptance of responsibility. Recalling that Warren repeatedly tried to deny the factual basis for his guilty plea, counsel correctly notes that it would be frivolous to argue that the district court clearly erred in denying him the adjustment. *See United States v. McIntosh,* 198 F.3d 995, 999 (7th Cir.2000) ("grudging" or "incomplete" admission of guilt is ground to deny adjustment). Warren wants to base a challenge to the acceptance points on the fact that no one ever warned him that he might lose the points when he moved to withdraw his plea. While Rule 11 mandates that extensive warnings be given to a defendant before the court accepts a guilty plea, neither that rule nor any other authority requires that a defendant be warned of all the possible consequences of moving to withdraw a

guilty plea. An appeal based on this ground would be frivolous.

Finally, Warren contends that he is entitled to "14 months sentencing credit for [his] state parole sentence arising from the incident of firearms." He cites U.S.S.G. § 5G1.3 for support. That section governs whether a federal sentence will run consecutively or concurrently to an undischarged state prison term for a state offense that is "fully taken into account" in setting the federal offense level. In effect, when the same conduct leads to both state and federal charges, § 5G1.3 may make any federal sentence run concurrent to the state sentence. Warren's presentence investigation report (PSR) reveals that although Illinois began the process of prosecuting Warren for unlawful use of a weapon on a public street, the state sought a *nolle prosequi* dismissal, opting not to continue the prosecution. No state sentence arose from the state charges, so it would be frivolous for Warren to suggest that § 5G1.3 has any application. The PSR also reveals that Warren had 14 months of parole left to serve for a different state offense when he committed the § 922(g)(1) offense. His parole was revoked, and he was returned to prison. If that term of state imprisonment is the source of Warren's proposed argument, then his contention would be frivolous because Application Note 6 to § 5G1.3 provides that if the federal offense caused a state parole revocation, the federal sentence is to run *consecutively* to any resulting state sentence. U.S.S.G. § 5G1.3, cmt. (n.6); *cf. United States v. Walker*, 98 F.3d 944, 945 (7th Cir.1996).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.