UNITED STATES of America,
Plaintiff–Appellee,

v.

Joseph C. JONES, Defendant–Appellant.

No. 94–2832.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 13, 1996.

Decided July 3, 1996.

Steven M. Buskupic (argued), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Christopher T. VanWagner (argued), Madison, WI, for Defendant–Appellant.

Before CUMMINGS, BAUER, and MANION, Circuit Judges.

BAUER, Circuit Judge.

Joseph C. Jones appeals the district court's finding that Jones was competent to stand trial and the district court's subsequent denial of Jones' motion to withdraw his guilty plea. We affirm.

## BACKGROUND

On March 22, 1994, a grand jury indicted Jones for the following offenses: five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); one count of armed carjacking in violation of 18 U.S.C. § 2119; and six counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). These charges carried a total maximum sen-

tence of 265 years, with 105 of them to be served consecutively pursuant to 18 U.S.C. § 924(c). Jones initially pleaded not guilty to all counts.

Shortly after federal officers took Jones into custody, Jones bragged to the arresting officers that he would beat the charges by acting crazy. Once the in-court proceedings began, Jones began to fulfill his promise. He unleashed a torrent of invective at the magistrate judge. He also threw in some slightly bizarre comments about a plot involving NASA. In response to Jones' outbursts, the court ordered a psychiatric and psychological evaluation. On April 22, 1994, the examining psychologist, John V. Liccione, Ph.D., determined that Jones was faking mental illness. Meanwhile, Jones was going through defense attorneys at a rapid pace. Prior to withdrawing, Jones' second attorney filed a pro forma notice of insanity defense pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure. On May 3, 1994, the court received Dr. Liccione's psychological report, and hearing no objections to his finding that Jones was competent to stand trial, the magistrate judge found Jones competent to stand trial. A few days later, Jones' second attorney withdrew and the court appointed Jones' third attorney.

On the morning of trial, Jones indicated his wish to plead guilty. The government agreed to allow Jones to plead to one armed robbery charge and one use and carry of a firearm charge, provided that the district court consider all of the charged conduct for sentencing purposes. By pleading guilty, Jones lowered his statutory exposure to 30 years imprisonment rather than a minimum of 105 consecutive years. The district court conducted a lengthy change of plea hearing and accepted Jones' guilty plea.

At sentencing a few months later, Jones asked to withdraw his guilty plea in order to raise an insanity defense. The district court denied the request, finding that it was simply another attempt to disrupt the proceedings. The court found that Jones had no history of mental illness and that he knowingly and voluntarily had changed his plea to guilty. The district court then sentenced Jones to 30 years imprisonment.

Shortly thereafter, Jones filed his notice of appeal with the assistance of his fourth attorney. His new counsel filed a motion in this court seeking a determination of whether Jones was competent to assist with his appeal. A motions panel of this court referred the matter to a special master for a competency hearing. The special master ordered a psychological evaluation. Another psychologist, David F. Mrad, Ph.D., examined Jones and found him competent, albeit volitionally uncooperative. Just as the magistrate judge had done with Jones in the district court, the special master found Jones competent without an adversarial competency hearing because neither party objected to the psychological evaluation finding Jones competent.

## A. Competency

We recently articulated the standard for determining competency to stand trial. "Does the defendant have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and does he have a rational as well as a factual understanding of the proceedings against him?" *United States v. Spencer Jones*, 83 F.3d 927, 928 (7th Cir.1996). We review the district court's competency findings for clear error. *Id.* We give great weight to the district court's findings given its first-hand observations of the defendant. *Chichakly v. United States*, 926 F.2d 624, 632–33 (7th Cir.1991). A defendant's request for a competency hearing does not automatically trigger the necessity for a hearing. Only if the issue of competency is truly in dispute must the district court hold a competency hearing. *Id.* at 633.

Jones raises a litany of alleged deficiencies in the district court's process for determining competency, none of which gives us pause. First, Jones does not address his own statement that he would fake insanity to beat the charges. Next, given the adverse psychological evaluation, it would have been pointless for Jones' attorney to press for a full competency hearing. *See Galowski v. Berge*, 78 F.3d 1176, 1180 (7th Cir.1996). After reviewing the complete record, including the colloquy between Jones and the dis-

trict court at the change of plea hearing, we conclude that the district court did not err in finding Jones competent to stand trial.

## B. *Withdrawal of Guilty Plea*

██ Rule 32(d) of the Federal Rules of Criminal Procedure grants the district court discretion to permit a defendant to withdraw a guilty plea prior to sentencing. However, the defendant has the heavy burden of establishing a "fair and just" reason for such a change. We review the district court's findings regarding whether the defendant had a fair and just reason for clear error. *United States v. Abdul*, 75 F.3d 327, 329 (7th Cir. 1996). We review the district court's disposition of a Rule 32(d) motion for abuse of discretion. *Id.* A defendant wishing to withdraw a guilty plea after stating at the change of plea hearing that his guilty plea was given freely and knowingly "faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is fair and just." *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir.1995).

Jones' motion to withdraw his guilty plea was based on his desire to proceed to trial with an insanity defense **and** the allegedly ineffective assistance of counsel. However, he does not press the ineffective assistance argument on appeal. At the plea colloquy, Jones explicitly stated that he understood the nature of the plea agreement and that the plea agreement was his choice. He acknowledged that one of the bases for his change of plea was the reality that he was lowering his sentence exposure from over 100 years to 30 years. He also stated that he was satisfied with his attorney's representation and that he had no questions for his attorney before entering his guilty plea. The district court ascertained that Jones had never received psychological or psychiatric care, had never been declared mentally incompetent, and had never been in a mental institution.

██ The district court denied Jones' *pro se* motion to withdraw his guilty plea, finding that the plea had been

free, voluntary, intelligent, and knowing. Done with full knowledge of the penalties involved, the negotiations entered into, and the rights and other privileges ... that were being waived by the Defendant at the time of trial.

The district court explicitly relied in part on Dr. Liccione's opinion that Jones was intentionally disruptive, not mentally ill. In addition, the district court relied appropriately on Jones' defense counsel who stated that he did not believe there was a valid legal argument in favor of withdrawing the plea. Taken together with the district court's observations of Jones from the guilty plea colloquy, these were valid considerations, and we conclude that the district court did not abuse its discretion in denying Jones' motion to withdraw his guilty plea.

## CONCLUSION

For the foregoing reasons, we affirm Jones' conviction and the district court's denial of Jones' motion to withdraw his guilty plea.

AFFIRMED.