# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-3571

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

JAMES E. JACKSON,

*Defendant-Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01-CR-634—**Charles R. Norgle, Sr.**, *Judge.*

_____

ARGUED DECEMBER 9, 2004—DECIDED JUNE 9, 2005

_____


Before FLAUM, *Chief Judge*, and BAUER and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge*. James Jackson pled guilty to conspiracy to distribute and possess with intent to distribute cocaine, and he was sentenced to 121 months' custody. Jackson now appeals and brings statutory and constitutional challenges to his sentence. We find that the district court incorrectly calculated Jackson's sentence by failing to cap his offense level at 30, as required by U.S.S.G. § 2D1.1(a)(3) (2002), and we remand this case back to the district court for resentencing. In light of this remand, we

need not address Jackson's arguments under *United States v. Booker*, 125 S. Ct. 738 (2005).

## I.  BACKGROUND

On August 9, 2001, a grand jury in the Northern District of Illinois returned a two-count indictment against Jackson and several other co-conspirators. Count One of the indictment charged Jackson with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Count Two charged Jackson with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).

When the grand jury indicted Jackson, the district court allowed him to remain free on an unsecured bond pending trial. On November 9, 2001, the government filed a Motion to Revoke Defendant's Bond. In this motion, the government alleged that Jackson had threatened one of the government's confidential informants, Rendon Hudson. Specifically, the government argued that the confidential informant heard "on the street" that Jackson had put a contract on his life for $200,000. In addition, the government alleged that Jackson came to Hudson's house and made a statement to Hudson's father and brother that Hudson would experience some type of violent revenge. During this supposed confrontation between Jackson and Hudson's relatives, Hudson himself came home. When Hudson told Jackson to leave, Jackson allegedly said something to the effect of, "You gonna get yours." The district court held a hearing on this matter, and found that Jackson had indeed threatened Hudson. The district court then revoked Jackson's bond.

At sentencing on September 17, 2003, the district judge found that Jackson should receive an adjustment under U.S.S.G. § 3B1.2(b) for being a minor participant in the offense. However, based on the recommendation of Jackson's probation officer, the district court found that Jackson's

base sentencing offense level was 32. From the base offense level of 32, the district court then gave Jackson a two-point enhancement for obstruction of justice. The government called witnesses, and the district court made the finding that Jackson obstructed justice by threatening Hudson, the government's confidential informant.

Jackson also argued that he qualified for the safety valve reduction. U.S.S.G. § 5C1.2 (2002). The district court denied Jackson's motion to apply the safety valve. However, because the district court found that Jackson was a minor participant, it granted him a two-point reduction. The district court concluded that Jackson's final offense level was 32. With a criminal history category of I, Jackson's guideline sentencing range was 121 to 151 months. The district court sentenced Jackson to a 121-month term of imprisonment, a five-year term of supervised release, and a $100 special assessment. Jackson submitted a timely appeal.

## II.  ANALYSIS

### A.  The District Court's Application of U.S.S.G. §§ 2D1.1(a)(3) and 3B1.2(b)

We review the sentencing court's legal interpretation of the sentencing guidelines de novo. *United States v. Johnson*, 324 F.3d 875, 877 (7th Cir. 2003). Jackson argues that based upon U.S.S.G. § 2D1.1(a)(3) of the November 2002 Sentencing Guidelines, the district court should have set his base level at 30, not 32. The government concedes that the district court should have applied the cap of 30 and then subtracted the mitigating role adjustment under section 3B1.2. We agree. Section 2D1.1 of the 2002 Sentencing Guidelines states that if the defendant receives an adjustment under section 3B1.2 for a mitigating role, the base

offense level shall not be more than 30.[1] The district court failed to cap Jackson's base offense level at 30 in this case and instead set Jackson's base level at 32.

The 2002 sentencing guidelines also direct that the district court apply any mitigating role adjustment from the capped base offense level of 30. U.S.S.G. § 3B1.2 cmt. 6 (2002);[2] *see also United States v. Santos*, 357 F.3d 136, 140 n.2 (1st Cir. 2004). This court, prior to this case, has not commented on the application of mitigating role adjustments to the capped offense level within the 2002 Sentencing Guidelines. Accordingly, based on the plain language of the 2002 commentary to section 3B1.2, we find that the district court erroneously applied the Guidelines. We therefore vacate Jackson's sentence and remand for resentencing. The Guidelines provide that the district court should have begun with a base level of 30 and then subtracted any negative adjustments, such as a mitigating role. Of course, in accord with *United States v. Booker*, 125 S. Ct. 738, 757 (2005), on remand the district court is to treat the Guidelines as advisory rather than mandatory. Because the Guidelines are now advisory, the district court must consider the correct guideline range when determining a new sentence, but may "tailor the sentence in light of other statutory concerns as well." *Id.*

---

[1] U.S.S.G. § 2D1.1(a) (2002) (amended 2004) is entitled "Base Offense Level (Apply the greatest)." Section 2D1.1(a)(3) instructs that the base offense level shall be "the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if the defendant receives an adjustment under § 3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30."

[2] U.S.S.G. § 3B1.2 cmt. 6 (2002) states: "In a case in which the court applied § 2D1.1 and the defendant's base offense level under that guideline was reduced by operation of the maximum base offense level in § 2D1.1(a)(3), the court also shall apply the appropriate adjustment under this guideline."

**B. Jackson's *Booker*-Related Arguments**

Jackson also argues that his Sixth Amendment right to a jury's determination of facts underlying his sentence enhancement was violated when the district judge found by a preponderance of the evidence that Jackson obstructed justice by intimidating the government's confidential informant. *See Booker*, 125 S. Ct. at 756. We are already remanding this case based on the district court's Guidelines calculation error, and Jackson must be resentenced in accordance with *Booker* at that time, obviating the need for us to consider the propriety of a limited remand under *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005).

Jackson further argues that the district court's finding that he was not eligible for a safety valve reduction likewise violated his Sixth Amendment rights under *Booker.* Again, because we are already remanding this case based on the district court's Guidelines calculation error, we need not address this argument at this time. Based on the district court's Guidelines calculations error, Jackson must be resentenced in accordance with *Booker*.

### III. CONCLUSION

In summary, we VACATE Jackson's sentence based on the district court's Guidelines calculation error and remand for resentencing. When the district court resentences Jackson, it is to apply the Guidelines in an advisory manner, in accordance with *Booker*.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*