In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-1540

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL J. BRISSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 04 CR 50021—**Philip G. Reinhard**, *Judge.*

ARGUED APRIL 4, 2006—DECIDED JUNE 2, 2006

Before POSNER, WOOD, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* In late 2000, Michael Brisson decided to buy a hotel in Bloomington, Illinois. When it came time to make the down payment, Brisson didn't have the $100,000 that was due. So he embarked on a series of check-kiting transactions, causing a loss to one of his banks of $99,938.73.

But this was only the start of the brief but ambitious foray into financial crime which Brisson has admitted. In February 2001, he applied for a $3.5 million loan from another institution, Busey Bank, to pay for and renovate the hotel. Brisson misrepresented his assets, net worth, and personal stake in the venture and provided mislead-

ing profit and loss statements from the hotel. Although he had agreed to provide the bank with a security interest in all the hotel's room receipts, Brisson diverted more than $500,000 of these monies to a different account and used more than $380,000 to pay his personal expenses. This, in turn, caused large shortages in the hotel's operating revenue, which Brisson covered by retaining his employees' federal income and FICA taxes—a total of $239,472—rather than paying them over to the IRS. He also submitted false construction loan draw requests to Busey Bank's escrow agent.

Brisson's career as a hotelier came to an end in June 2002, when the bank figured out what was happening with the hotel's room receipts, foreclosed on its loan, and removed Brisson from the executive offices. The bank's loss from Brisson's fraud totaled at least $492,843.

But Brisson still was not done. Having lost his source of income and by his own admission desperate for money, he filed fraudulent tax returns for 2001 and 2002, claiming total refunds of $163,686. The claims were based on taxes withheld from Brisson's hotel salary—taxes which Brisson had, of course, never actually sent to the IRS.

Brisson ultimately pled guilty to one count each of bank fraud, submitting a false claim for an income tax refund, and failing to pay over employment taxes to the IRS. He was sentenced to a term of 30 months. In this appeal, he challenges the manner in which the district court (Hon. Philip G. Reinhard) grouped the three counts to calculate the offense level under the United States Sentencing Guidelines. He also argues that his sentence was unreasonable.

We deal first with the grouping issue, reviewing the district court's legal interpretation of the guidelines *de novo*. *United States v. Jackson*, 410 F.3d 939, 941 (7th Cir. 2005). In the plea agreement, Brisson and the government proposed that counts 1 and 2 be grouped together,

since they both involved financial fraud. *See* U.S.S.G. § 2B1.1. Brisson also argued, over the government's objection—and reiterates the argument on appeal—that count 3 should have been grouped with the first two, since all three counts involved "economic offenses," and all three arose from "the same economic hardship which found its genesis during Defendant's running of the hotel . . . ."

The district court took a different approach. The government had charged count 2 under 18 U.S.C. § 287, a general statute covering fraudulent claims against the United States. Judge Reinhard determined, however, that since the conduct involved filing a false claim for a tax refund, Brisson's sentence should be governed by the tax guideline, *see* U.S.S.G. § 2T1.1, and should be calculated using the tax loss table provided by guideline § 2T4.1. Therefore, Judge Reinhard grouped the count 2 tax fraud offense together with the count 3 offense of failing to pay over employment taxes to the IRS. He further determined that the two tax offenses should not be grouped with count 1, since the count 1 conduct involved fraud loss to a separate party, namely Busey Bank, and was covered by § 2B1.1. In the end, this gave Brisson a 2-level grouping adjustment and a combined offense level of 22.

The record reflects that Judge Reinhard devoted considerable thought and research to the grouping issue, and we find his conclusions to be sound. While Appendix A of the guidelines indicates that guideline § 2B1.1 applies to violations of 18 U.S.C. § 287, a cross-reference instructs that if the count of conviction establishes an offense specifically covered by another guideline, that other guideline should be applied. U.S.S.G. § 2B1.1(c)(3). Judge Reinhard determined that Brisson's attempt to claim tax refunds to which he was not entitled caused a different type of loss than the fraud against his bank. Two other circuits have endorsed applying the tax guidelines rather than the fraud guidelines to false claims for tax refunds, *see United*

*States v. Barnes*, 324 F.3d 135, 139-40 (3rd Cir. 2003); *United States v. Aragbaye*, 234 F.3d 1101, 1105-06 (9th Cir. 2000), and we see no reason to disagree with them. Brisson's "offense conduct was at heart a scheme to file fraudulent tax returns and thus could be considered on par with tax fraud." *Aragbaye*, 234 F.3d at 1105 (citation and internal quotation marks omitted).

Furthermore, Judge Reinhard did not err in refusing to group the two tax offenses together with the bank fraud offense and thereby give Brisson a lower offense level. Grouping is appropriate when different counts involve substantially the same harm. U.S.S.G. § 3D1.2. Brisson notes that subsection 3D1.2(d) allows for grouping of offenses covered by guidelines §§ 2B1.1 and 2T1.1. We have joined most other courts in holding, however, that "there is no automatic grouping of counts [under subsection 3D1.2(d)] simply because those counts are on the 'are to be grouped' list." *United States v. Chavin*, 316 F.3d 666, 673 (7th Cir. 2002) (quoting *United States v. Williams*, 154 F.3d 655, 657 (6th Cir. 1998), *cert. denied*, 525 U.S. 1113 (1999)). Rather, offenses may be grouped if they are "of the same general type and otherwise meet the criteria for grouping under [subsection d]." *Id.* at 675 (quoting U.S.S.G. § 3D1.2 cmt. n. 6).

That is not the case here. There was no necessary connection between Brisson's fraud on his bank and his bilking of the government. Brisson argues his three counts should go together because they were all "economic offenses arising out of the failed ownership of the hotel." But that is both too high a level of generality and a disingenuous spin on the facts. Brisson's false tax claims were filed after he lost the hotel and was desperate for money. But his diversion of the hotel's room receipts in violation of his bank's security agreement *helped bring about* the failure of his ownership; it did not "aris[e] out of" that failure. Moreover, Brisson's conduct involved different victims, *see* U.S.S.G. § 3D1.2(a)-

(b), and did not involve conduct that was treated as a specific offense characteristic for the guidelines calculation for another count, *see* U.S.S.G. § 3D1.2(c). In short, the bank fraud and tax fraud did not represent "substantially the same harm," U.S.S.G. § 3D1.2, so Judge Reinhard did not err in refusing to group them.

Finally, Brisson disputes the reasonableness of his 30-month sentence, which checked in at the bottom of the advisory guidelines range. (He suggests instead "a minimal sentence in the county jail" or work-release coupled with home monitoring.) Judge Reinhard wisely rejected that sort of tap-on-the-wrist conclusion to this case.

A sentence that is properly calculated under the guidelines is entitled to a presumption of reasonableness which may be rebutted by reference to the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Appellate review is, as we have often noted, "deferential." *Id.*

In urging a light sentence, Brisson cites the "profound negative impact on his family needs and obligations"; his "conversion to Christianity" and the effect his sentence will have on his ability to take up a "likely offer for a $200,000.00 per year salary as a business consultant" at his church. A princely sum, we assume that would promote his ability to pay restitution. Lastly, in light of the § 3553(a) factors bearing on deterrence and promoting respect for the law, he makes the curious argument that prison sentences for "economic offenses" such as his do not impede others who are tempted to engage in similar deeds. We beg to differ. Who knows how many more "economic offenses" would be committed if the tempted knew that the punishment, if caught, would be little more than minimal? We reject the claim.

The record shows that Judge Reinhard carefully considered Brisson's arguments and properly rejected them. And

of course Brisson is hardly the first defendant to claim a religious conversion or to find that his punishment imposes hardship on his family. As for his future as a business consultant, we're not sure what it is about his recent achievements that would make someone want to pay him $200,000 to impress his wisdom on others. Yet, if that is the case, he can only hope that the opportunity will stay warm while he's on ice.

The sentence imposed by the district court is AFFIRMED.

A true Copy:

  Teste:

        _____
        *Clerk of the United States Court of*
         *Appeals for the Seventh Circuit*