UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 16, 2006
Decided August 17, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-3095

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03-CR-87-7 |
| RICARDO LONGORIA, *Defendant-Appellant.* | James B. Zagel, *Judge.* |

**O R D E R**

Ricardo Longoria was one of several persons who sold phencyclidine ("PCP") on the street under his son's direction from 1999 until late 2001. He pleaded guilty to conspiracy to possess and distribute more than a kilogram of the drug. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court first applied the "safety valve," *see* U.S.S.G. §§ 5C1.2, 2D1.1(b)(7), to avoid the otherwise-applicable, 10-year mandatory minimum term of imprisonment, *see* 21 U.S.C. § 841(b)(1)(A)(iv); 18 U.S.C. § 3553(f). The court then calculated a guidelines imprisonment range of 46 to 57 months, but sentenced Longoria to just 30 months based on a psychologist's determination that he suffered from diminished capacity that contributed substantially to his commission of the offense. *See* U.S.S.G. § 5K2.13. The court also imposed 120 months of supervised release, twice the recommended term. *See*

21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5D1.2(a), cmt. n.2.  Longoria filed a notice of appeal, but his appointed counsel moves to withdraw, stating that he cannot discover a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  We invited Longoria to respond to his counsel's motion, *see* Cir. R. 51(b), and he has done so.  Thus, our review is limited to the potential issues identified in counsel's facially adequate brief and in Longoria's response.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Longoria might argue that his guilty plea was not knowing and voluntary because the district court failed to inform him that at trial he could present evidence in his own defense, and that, after serving his term in prison, he will be subject to reimprisonment if he violates the conditions of his supervised release.  Counsel states that Longoria has informed him that he wishes to have his plea set aside; therefore, it was appropriate for counsel to evaluate this potential issue.  *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).  Because Longoria did not move to withdraw his plea in the district court, our review would be for plain error.  *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003); *Schuh*, 289 F.3d at 974.

We agree with counsel that a challenge to the voluntariness of Longoria's plea based on the asserted omissions would be frivolous.  Rule 11 of the Federal Rules of Criminal Procedure does require that a defendant be informed of his right to present evidence at trial, *see* Fed. R. Crim. P. 11(b)(1)(E), and of the possibility of reimprisonment for violating a condition of supervised release, *see United States v. Maeder*, 326 F.3d 892, 893 (7th Cir. 2003) (per curiam).  But the rule is satisfied with substantial compliance, *see* Fed. R. Crim. P. 11(h); *United States v. Dominguez Benitez*, 542 U.S. 74, 80 (2004); *Schuh*, 289 F.3d at 975, and to establish plain error, the defendant must show "a reasonable probability that, but for the [district court's] error, he would not have entered the plea," *Dominguez Benitez*, 542 U.S. at 83.  Here, Longoria cannot reasonably argue that he was unaware of his right to present evidence because he already had been informed of that right through the written plea agreement, *see United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001), so the error cannot have affected his decision to plead guilty.  And he cannot argue that his decision to plead was affected by the district court's failure to inform him that he could be reimprisoned on violation of his supervised release, because his total term of imprisonment, assuming that his entire term of supervised release is converted to imprisonment, is still less than the statutory maximum penalty of life imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A); *Maeder*, 326 F.3d at 893; *Schuh*, 289 F.3d at 974.

Counsel next contemplates whether Longoria might challenge his prison or supervised release terms on grounds of reasonableness.  Counsel concludes that such an argument would be frivolous, and we agree.  The prison term is below the

advisory guidelines range, which is presumptively reasonable, *see United States v. Brisson*, 448 F.3d 989, 992 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel is unable to articulate any facts presented to the district court that would have compelled an even lower term. *See United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) ("It is hard to conceive of below-range sentences that would be unreasonably high."). As for the supervised release term, which falls outside the advisory range, the district court considered the relevant factors under 18 U.S.C. § 3553(a), including Longoria's need for mental-health treatment and supervision, *see id.* § 3553(a)(2)(D). The district court explained that it wanted to have Longoria monitored until he reached the age of 65, when "there is at least some likelihood that the more severe aspects of his psychological problems will have resolved themselves."

In responding to counsel's brief, Longoria proposes to argue that his guilty plea should be vacated on the ground that he "was not stable in mind" at the time he was asked for his decision. We construe this as an argument that the district court erred in finding him competent to plead. The question we must consider is whether he might argue that he did not have a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding⸺and whether he has a rational as well as factual understanding of the proceedings against him." *See Burt v. Uchtman*, 422 F.3d 557, 564 (7th Cir. 2005) (citation and quotation marks omitted); *see also United States v. Jones*, 87 F.3d 954, 955 (7th Cir. 1996). We think such an argument would be frivolous because, despite Longoria's long history of psychiatric disturbance, there is no indication in the record that he was not competent to plead. The district court relied on a separate competency examination conducted by the psychologist who testified to Longoria's diminished capacity, on the opinions of both counsel involved in the case, and on his own observation of Longoria during the plea colloquy, and the court was entitled to do so. *See Jones*, 87 F.3d at 956. Moreover, our review of the transcript of the plea colloquy reveals no cause for concern. The court did not order a competency hearing, but it was not required to do so because the evidence before it failed to raise a reasonable doubt as to Longoria's competency. *See* 18 U.S.C. § 4241; *Burt*, 422 F.3d at 564.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.