**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2006
Decided October 19, 2006

**Before**

Hon. THOMAS E. FAIRCHILD , *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-4540

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 02 CR 481 |
| BROCK E. O'KENNARD, *Defendant-Appellant*. | James B. Zagel, *Judge*. |

## O R D E R

Brock O'Kennard robbed a bank at gunpoint and then shot and wounded a police officer while trying to make his getaway. He was arrested and charged with attempted armed robbery, *see* 18 U.S.C. § 2113(a), (d), and using a firearm during the robbery, *see id.* § 924(c)(1). The district court conducted a lengthy hearing to determine if O'Kennard was competent to stand trial. Two defense experts testified that he exhibited signs of schizophrenia, and two government experts opined that he was malingering. The district court found O'Kennard competent and afterward he pleaded guilty to both counts pursuant to a written plea agreement. The district court sentenced him to 51 months' imprisonment for the robbery attempt (the low end of the advisory range) plus a mandatory consecutive term of 120 months for using the gun. O'Kennard filed a notice of appeal, but his appointed counsel moves

to withdraw because he is unable to discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's supporting brief is facially adequate, and O'Kennard did not respond to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We thus review only the potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel informs us that O'Kennard wants his guilty plea set aside, so counsel first considers whether O'Kennard might argue that he was incompetent to plead. A defendant must be competent at the time he pleads guilty, and the standards governing competency to plead are the same as those governing competency to stand trial. *Burt v. Uchtman*, 422 F.3d 557, 564 (7th Cir. 2005). But as counsel notes, we review a competency finding for clear error. *United States v. Jones*, 87 F.3d 954, 955 (7th Cir. 1996). Here, the district court's ruling reflects an extensive and thorough review of the testimony, and thus we agree with counsel that it would be frivolous to argue that the court's finding is clearly erroneous.

Counsel next considers whether O'Kennard might argue that there were inadequacies in the plea colloquy. Our review would be for plain error because O'Kennard did not seek to withdraw his guilty pleas in the district court. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Counsel notes that the district court did not mention O'Kennard's right to an attorney, *see* Fed. R. Crim. P. 11(b)(1)(D), but O'Kennard was not prejudiced by the error because appointed counsel was with him during the colloquy. *See United States v. Lovett,* 844 F.2d 487, 491 (7th Cir. 1988). Thus, the colloquy substantially complied with Rule 11, and we agree with counsel that any challenge would be frivolous. *See Schuh,* 289 F.3d at 975.

Finally, counsel considers whether O'Kennard might argue that his overall prison sentence should have been reduced below the guidelines range on account of his mental and emotional condition. But O'Kennard's sentence is within the advisory guidelines range and is thus presumptively reasonable, and counsel can identify no error in the district court's calculation of the guidelines range or its analysis of the relevant factors under 18 U.S.C. § 3553(a). *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). Rather, we agree with counsel that the court gave meaningful consideration to the § 3553(a) factors. *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). In fact, upon considering the need to protect the public, *see* § 3553(a)(2)(C), the district court concluded that O'Kennard's mental condition rendered him dangerous and weighed against shortening his sentence. It would thus be frivolous to argue that O'Kennard's sentence is unreasonable.

       Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.