UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 29, 2006
Decided December 22, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1974

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| v. | No. 05-CR-137 |
| DENNIS MUSURLIAN,<br>*Defendant-Appellant*. | J.P. Stadtmueller,<br>*Judge*. |

**O R D E R**

Dennis Musurlian pleaded guilty to filing a fraudulent income tax return for 1997 and possessing an unregistered pipe bomb. *See* 26 §§ U.S.C. 7206(1), 5861(d). Counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she is unable to discern any nonfrivolous basis for appeal. We grant counsel's motion to withdraw, and dismiss the appeal.

During a tax investigation, Internal Revenue Service agents executed a warrant to search for business records at Musurlian's car repair shop and, to their surprise, found a pipe bomb. Consequently, Musurlian entered a plea agreement with the government, in which he admitted that he possessed the pipe bomb and understated his 1997 taxes by more than $34,000. A probation officer, however, found that Musurlian also understated his taxes from 1997 to 2001, amounting to an estimated $244,000 in tax losses.

During the sentencing hearing, Musurlian objected to using the tax loss figure from 1997 to 2001 to calculate his offense level, arguing instead that because he pleaded guilty to tax fraud for 1997, the court should use the figure from that year alone. The government agreed, noting that it could not prove the estimated losses from 1998 to 2001. The government and Musurlian also agreed that the court should use the version of the guidelines in effect in March 1998, the date Musurlian filed his fraudulent return, to calculate the tax fraud offense level, because using the current version of the guidelines, which set the tax fraud offense level two steps higher, raised *ex post facto* concerns. *Compare* U.S.S.G. § 2T4.1(E) (2005) (setting offense level at 14 for tax loss between $30,000 and $80,000), *with* U.S.S.G. § 2T4.1(6) (1997) (setting offense level at 12 for tax loss between $23,500 and $40,000).

The court agreed with the parties, and calculated the tax offense level according to the 1997 tax loss figure and the 1997 verison of the guidelines.[1] In reaching his total offense level, the court refused to group the tax fraud count with the count of unlawful possession of a bomb, but the court did reduce the total offense level based on Musurlian's early acceptance of responsibility. The court then sentenced Musurlian to 27 months' imprisonment, the bottom of the guidelines range. *See* U.S.S.G. §§ 2K2.1, 3D1.2, 3D1.4.

We invited Musurlian to respond to counsel's *Anders* motion, *see* Cir. R. 51(b), but he has not done so. Thus, our review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Johnson*, 248 F.3d 655, 667-68 (7th Cir. 2001).

Counsel first considers whether Musurlian could argue that the district court miscalculated the offense level for his tax count. In particular, counsel asks whether Musurlian could contest the court's use of the 1997 version of the guidelines, instead of the current version of the guidelines at the time of his sentencing. *See* U.S.S.G. §§ 1B1.11(a), (b). But as counsel notes, the use of the 1997 version actually benefitted Musurlian because it set the offense level lower than the current verison. Although the government agreed to recommend the use the 1997 version of the guidelines to avoid *ex post facto* concerns, we note that applying changes in the guidelines retroactively does not violate the *ex post facto*

---

[1] Counsel's brief refers to the guidelines in effect in March 1998 as the "1998 version of Guidelines." But we refer to the 1997 version of the guidelines, effective from November 1, 1997 to October 31, 1998, which was the operative version at the time of Musurlian's tax offense. The penalties, at any rate, are identical under both the 1997 and 1998 versions.

clause because the guidelines are only advisory, not binding laws or regulations. *See United States v. Demaree*, 459 F.3d 791, 195 (7th Cir. 2006).

Counsel next asks whether Musurlian could argue that the 1997 tax loss figure is overstated. She notes that while the district court did base the amount of tax loss on the 1997 figure alone, that amount may still be overstated because the court refused to consider any legitimate, yet unclaimed deductions for his payment of invoices reflecting the cost of inventory for the car repair shop. The guidelines provide that tax loss should "be treated as equal to 28% of the unreported gross income . . . unless a more accurate determination of the tax loss can be made." U.S.S.G. § 2T1.1(c), note A. Counsel considers whether applying unclaimed deductions could lead to "a more accurate determination." However, we have concluded that this guidelines provision "simply allows the defendant or the government to argue for a rate that is more accurate than the 28% presumptive rate." *United States v. Chavin*, 316 F.3d 666, 679 (7th Cir. 2002). In *Chavin*, we reasoned that the proper basis for the tax loss figure is the "*attempted* or *intended* loss, rather than the *actual* loss to the government," *Id.* at 677 (emphasis in original), and therefore held that "[c]onsidering unclaimed deductions is outside of the purview of what we are trying to accomplish in tax-loss calculations." *Id.* at 679. Counsel correctly points out that in light of *Chavin*, any challenge to the district court's refusal to consider unclaimed deductions in the tax loss figure would be frivolous.

Counsel next asks whether the district court properly refused to group the tax offense and the bomb offense. *See* U.S.S.G. § 3D1.2. Under the guidelines, offenses "involving substantially the same harm" can be grouped, *id*; *United States v. Brisson*, 448 F.3d 989, 992 (7th Cir. 2006), and counsel considers whether the court erroneously found that the harm caused by tax fraud and possession of a pipe bomb were not substantially the same. But counsel correctly concludes that the two offenses do not create similar harms because they affect different victims and arise from separate transactions; therefore any challenge to the court's decision not to group the offense would be frivolous. Finally, counsel considers whether Musurlian could argue that the district court should have sentenced him below the guidelines range. Counsel notes that Musurlian could argue that the court insufficiently considered the § 3553(a) factors when sentencing him to a within-guidelines sentence. But because Musurlian's sentence falls within the properly calculated guidelines range, it is presumed reasonable, and counsel says she cannot find any basis to rebut this presumption. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Although the Supreme Court has recently granted a writ of certiorari to consider whether according a presumption of reasonableness to within-guidelines sentences is consistent with *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert granted,* 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754), the

resolution of that case would not affect our conclusion that a challenge to Musurlian's's sentence would be frivolous.  Here, the district court fulfilled its duty to consider the sentencing factors under § 3553(a), and chose the sentence after carefully weighing the seriousness of his crimes against his particular characteristics, including his age (he was 65 years old at sentencing), his standing in the community as a small business owner, and his lack of a criminal record.  *See United States v. Juarez*, 454 F.3d 717, 721 (7th Cir. 2006).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.