NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2007
Decided February 1, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-1698

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>*v.*<br><br>JOSE REYES-HURTADO,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 03 CR 274<br><br>James B. Zagel,<br>*Judge.* |

**O R D E R**

Jose Reyes-Hurtado pleaded guilty to being in the United States without permission after his removal to Mexico on two separate occasions following convictions for sale of a controlled substance and robbery, respectively, both aggravated felonies. *See* 8 U.S.C. § 1326(a). The district court calculated a guidelines range of 70 to 87 months' imprisonment, and sentenced Reyes-Hurtado to 72 months. Reyes-Hurtado appeals, but his appointed attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous grounds for appeal. We invited Reyes-Hurtado to respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so. Our review is limited

to the points discussed in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel identifies four possible grounds for appeal.  First, counsel has considered whether Reyes-Hurtado could argue that his guilty plea was not knowing and voluntary and therefore should be set aside.  But, as counsel notes, Reyes-Hurtado does not wish to have his plea vacated, and thus we need not consider this potential argument.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next considers whether Reyes-Hurtado might argue that the district court erred in finding that he was mentally competent to understand the nature of the proceedings and assist counsel in his defense.  We agree with counsel that this argument would be frivolous.  The district court's determination that Reyes-Hurtado was competent could not be set aside unless it is clearly erroneous.  *United States v. Jones*, 87 F.3d 954, 955 (7th Cir. 1996).  A defendant is competent if he possesses both a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and a "rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see Woods v. McBride*, 430 F.3d 813, 817 (7th Cir. 2005).  Early in the proceedings, the court ordered a psychological examination, after which a psychiatrist and psychologist diagnosed Reyes-Hurtado with alcohol dependence, adjustment disorder with depressed mood, and adult antisocial behavior, but concluded that primarily he was malingering and was competent to stand trial.  The court had the opportunity to observe Reyes-Hurtado and test his capacity to understand the proceedings during the plea colloquy and at sentencing.  His behavior and coherent responses to the court's questioning show no indication of a lack of competency.  Moreover, counsel for Reyes-Hurtado did not object to the conclusions in the psychological evaluation nor did he request that a competency hearing be held, further supporting the finding that Reyes-Hurtado was competent.  *See United States v. Downs*, 123 F.3d 637, 641 (7th Cir. 1997) (counsel's silence provides substantial evidence of competence because counsel is in position to assess defendant's ability to understand and assist in the proceedings).

Counsel next evaluates whether Reyes-Hurtado might argue that his prison sentence was improperly calculated.  As we understand the specific contentions, Reyes-Hurtado wishes to argue that the district court erroneously increased his sentence beyond the default two-year statutory maximum that applies to violations of § 1326(a); Reyes-Hurtado would have counsel argue that the 20-year, enhanced maximum provided for in § 1326(b) could not apply because his prior convictions were not alleged in the indictment or proven to a jury beyond a reasonable doubt.  But as counsel correctly notes, the Supreme Court has rejected this very contention.

*See Almendarez-Torres v. United States,* 523 U.S. 224, 243–45 (1998); *United States v. Lechuga-Ponce,* 407 F.3d 895, 896–97 (7th Cir. 2005).

Finally, counsel evaluates whether Reyes-Hurtado might argue that his sentence is unreasonable under *United States v. Booker,* 543 U.S. 220 (2005), because the district court denied his request for a lower sentence to account for the absence in the district of a "fast-track" program for early disposition of § 1326(a) prosecutions. *See generally,* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, 117 Stat. 650, 675 (2003). But as counsel recognizes, a district court cannot reduce a § 1326(a) sentence to compensate for the absence of a fast-track program. As we have explained, a sentence is not unreasonable merely because it was imposed in a district that does not have a fast-track program. *See United States v. Rodriguez-Rodriguez,* 453 F.3d 458, 462–63 (7th Cir. 2006); *United States v. Martinez-Martinez,* 442 F.3d 539, 542–43 (7th Cir. 2006). Moreover, even if a fast-track program was in place in the district, Reyes-Hurtado, who rejected the government's proposed plea agreement, took no step toward making himself eligible, so he draws "a false equivalence between (on the one hand) defendants in fast-track jurisdictions who receive a benefit in exchange for the acceptance of certain detriments, and (on the other hand) a defendant in [his] position, who claims the benefit without suffering the detriment." *United States v. Mejia,* 461 F.3d 158, 162 (2d Cir. 2006); *see United States v. Martinez-Flores,* 428 F.3d 22, 25–26 (1st Cir. 2005) (explaining that authorized fast-track programs require defendant to stipulate to the factual basis underlying his guilty plea, and waive rights to file pretrial motions, direct appeal, and postjudgment collateral attacks). The record indicates that the district court imposed a sentence at the low end of the properly calculated guidelines range only after thoroughly considering Reyes-Hurtado's arguments and the factors set forth in 18 U.S.C. § 3553(a). Thus, we agree with counsel that it would be frivolous to argue on this record that the sentence is unreasonable.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.