NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 13, 2010
Decided July 16, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-4029

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-CR-135-01 |
| DARNELL MOON, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

While serving a federal prison sentence for bank robbery, Darnell Moon prepared 26 fraudulent income tax returns claiming that other inmates collectively were owed nearly $55,000 in refunds. After the scheme was detected, Moon waived indictment and pleaded guilty to an Information charging him with presenting a false claim to the Internal Revenue Service. *See* 18 U.S.C. § 287. The district court sentenced Moon to 14 months' imprisonment to follow his sentence for bank robbery. Moon appeals, but his appointed lawyer seeks to withdraw because he cannot identify any nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Moon has not responded to counsel's submission. *See* CIR. R. 51(b). We limit our review to the potential issues discussed in

counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel begins by considering whether Moon could challenge the adequacy of the plea colloquy or the voluntariness of his guilty plea.  Counsel has not told us that Moon wants his guilty plea set aside, but we infer that he does from counsel's presentation. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).  Because Moon did not move to withdraw his guilty plea in the district court, our review would be for plain error only. *See United States v. Vonn,* 535 U.S. 55, 59 (2002); *United States v. Griffin,* 521 F.3d 727, 730 (7th Cir. 2008).  Counsel identifies only one omission during the plea colloquy: the district court did not tell Moon that false statements made under oath could be used against him in a prosecution for perjury. *See* FED. R. CRIM. P. 11(b)(1)(A).  Counsel notes that the oath Moon took was administered but not transcribed.  But even so, Moon has suffered no injury from the omitted warning because there is no current or prospective prosecution against him for perjury. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996).  Thus, any challenge to the adequacy of the plea colloquy would be frivolous.

Counsel next evaluates whether Moon could argue that the district court should have discharged his appointed lawyer (who continues to represent Moon here) and substituted counsel of Moon's choosing.  The district court already had agreed to one change of counsel but then declined to make a second change when Moon complained that the new lawyer was not able to predict his guidelines imprisonment range with certainty.  But all of this came before Moon had even been charged, and by pleading guilty unconditionally he waived any challenge to events that preceded the plea. *See United States v. Campbell*, 324 F.3d 497, 499 (7th Cir. 2003).  Any contention about the court's refusal to substitute a third lawyer would thus be frivolous. *See United States v. Foreman*, 329 F.3d 1037, 1038-39 (9th Cir. 2003).

Finally, counsel considers whether Moon could contend that his prison sentence is unreasonable because of its length or consecutive character.  Regarding the latter point, the sentencing guidelines favor consecutive sentences for defendants who commit crimes while serving a term of imprisonment. *See* U.S.S.G. § 5G1.3(a); *United States v. Dote*, 328 F.3d 919, 923 n.2 (7th Cir. 2003)*; United States v. Schaefer*, 107 F.3d 1280, 1286 (7th Cir. 1997).  Counsel has not identified any reason why a consecutive sentence would be inappropriate, so any argument regarding this aspect of Moon's sentence would be frivolous.

As for the length of the new prison term, counsel represents that the sentence falls within the properly calculated guidelines range and thus would be presumed reasonable.

*See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Counsel is mistaken about the guidelines range, but correct that a reasonableness challenge would be frivolous. The district court calculated the imprisonment range using U.S.S.G. § 2B1.1, and although that Chapter 2 guideline applies to most violations of 18 U.S.C. § 287, a cross-reference directs that U.S.S.G. § 2T1.1 be used when the underlying false claim relates to a tax return, *see* U.S.S.G. § 2B1.1(c)(3); *United States v. Brisson*, 448 F.3d 989, 991-92 (7th Cir. 2006). But this error was harmless because the overlooked cross-reference would have yielded a higher imprisonment range. In applying § 2B1.1 the district court assigned Moon a base offense level of 6 and added 6 levels because the intended loss exceeded $30,000. *See* U.S.S.G. § 2B1.1(a)(2), (b)(1)(D). The court then awarded Moon two points for acceptance of responsibility, *see id.* § 3E.1.1(a), to arrive at a total offense level of 10. That number, paired with Moon's criminal history category of III, yielded an apparent range of 10 to 16 months' imprisonment. But § 2T1.1 would have resulted in a total offense level of 12, *see id.* §§ 2T1.1(a)(1), 2T4.1(E), 3E1.1(a), and a corresponding imprisonment range of 15 to 21 months. Moon's 14-month prison term is below this guidelines range, and because counsel is unable to give us a basis to conclude that the sentence is unreasonable, *see United States v. Jackson*, 598 F.3d 340, 345 (7th Cir. 2010); *Liddell*, 543 F.3d at 885, any challenge to its length would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.